*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2083**

In the Matter of the Civil Commitment of: Joshua Royce Holmquist

**Filed June 20, 2016
Affirmed
Larkin, Judge**

Todd County District Court
File No. 77-PR-07-2084

Joshua Royce Holmquist, Moose Lake, Minnesota (pro se appellant)

Lori Swanson, Attorney General, John D. Gross, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Kirk, Judge; and Toussaint, Judge.*

**U N P U B L I S H E D   O P I N I O N**

**LARKIN**, Judge

Appellant challenges the district court's denial of his motion under Minnesota Rules of Civil Procedure 60.02 for relief from the district court's 2008 order indeterminately committing him to the Minnesota Sex Offender Program (MSOP) as a sexually dangerous

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

person (SDP). Appellant also challenges the district court's denial of his requests for temporary relief under Minnesota Rules of Civil Procedure 65.01 and 65.02. Because appellant's rule 60.02 motion is barred by the exclusive transfer-or-discharge remedies of the Minnesota Commitment and Treatment Act (MCTA), we affirm.

## D E C I S I O N

In 2008, appellant Joshua Royce Holmquist was indeterminately committed to the MSOP as an SDP. In July 2015, he moved for relief from judgment under rule 60.02(d), (e), and (f) of the Minnesota Rules of Civil Procedure, asking the district court to "declare[] the earlier judgment of [the district court] void for a lack of jurisdiction" and to "dismiss with prejudice the Petition for Civil Commitment." In his request for relief under rule 60.02, Holmquist argued that the district court "lacks subject matter jurisdiction to involuntarily commit [him] under a statute that is void ab initio," relying on *Karsjens v. Jesson*, 109 F. Supp. 3d 1139 (D. Minn. 2015), *motion to certify appeal denied*, Civ. No. 11-3659, 2015 WL 4478972 (D. Minn. July 22, 2015). Holmquist also requested a temporary restraining order (TRO) and temporary injunction under rules 65.01 and 65.02, seeking to be released from commitment under conditions of release until "he may be heard on his Motion for Relief from Judgment to be set by the court."

The district court denied relief under rule 60.02, reasoning that the order in *Karsjens* is not a final judgment, the *Karsjens* court did not intend the decision to lead to the mass release of individuals from the MSOP, and that it was not bound by the judgments of lower

2

federal courts.[1] The district court also denied temporary relief, reasoning that the actual status quo in this case is Holmquist's commitment to a secure treatment facility and a temporary injunction is unnecessary to preserve that status quo; Holmquist cannot show a likelihood of success on the merits because the district court denied Holmquist's rule 60.02 motion; and consideration of the public interest does not support Holmquist's request for temporary relief. Holmquist challenges the district court's denial of his requests for relief.

We review the denial of a rule 60.02 motion, as well as the denial of temporary relief under rules 65.01 and 65.02, for an abuse of discretion. *In re Hand*, ___ N.W.2d ___, ___, No. A15-1341, slip op. at 6, 10 (Minn. App. Apr. 11, 2016), *pet. for review filed* (Minn. May 10, 2016).

This court recently held that:

> [i]f an individual committed as a sexually dangerous person (SDP) brings a motion pursuant to rule 60.02 of the Minnesota Rules of Civil Procedure for relief from an order for indeterminate commitment alleging that the Minnesota Commitment and Treatment Act (MCTA), Minn. Stat. §§ 253D.01-.36 (2014), is unconstitutional under *Karsjens v. Jesson* . . . and therefore his commitment to the Minnesota Sex Offender Program (MSOP) was unlawful ab initio, the motion

---

[1] This court is bound by decisions of the Minnesota Supreme Court and the United States Supreme Court. *Citizens for a Balanced City v. Plymouth Congregational Church*, 672 N.W.2d 13, 20 (Minn. App. 2003). "We are not, however, bound by any other federal courts' opinion . . . ." *Id.; see also Northpointe Plaza v. City of Rochester*, 457 N.W.2d 398, 403 (Minn. App. 1990) (noting that state trial court was not bound by federal district court's interpretation of the U.S. Constitution), *aff'd*, 465 N.W.2d 686 (Minn. 1991). *Karsjens* is thus not dispositive authority for this court, which is bound by opinions of the Minnesota Supreme Court repeatedly rejecting challenges to the constitutionality of the civil commitment of sex offenders. *See, e.g.*, *In re Linehan*, 594 N.W.2d 867, 875-76 (Minn. 1999); *In re Blodgett*, 510 N.W.2d 910 (Minn. 1994).

is barred by the exclusive transfer-or-discharge remedies of the MCTA.

*Id.* at 1.

This court also held that:

> [w]hen an SDP seeks a temporary restraining order (TRO) or temporary injunction pursuant to rules 65.01 and 65.02 of the Minnesota Rules of Civil Procedure, respectively, and that person has failed to state a viable claim for relief from an order for indeterminate commitment, the district court does not abuse its discretion by denying such relief.

*Id.* at 2.

Holmquist's request for relief under rules 60.02, 65.01, and 65.02 are identical to the patient's requests for relief in *Hand*. *See id.* at 6, 9. Thus, *Hand* controls the outcome of this appeal: Holmquist cannot use rule 60.02 to obtain a discharge from the MSOP based on *Karsjens* because such a motion is barred by the exclusive transfer-or-discharge remedies of the MCTA. *Id.* at 1. And because Holmquist cannot use rule 60.02 to obtain the relief he seeks, there was no basis for a TRO or temporary injunction pending a decision on the merits of his rule 60.02 motion. *See id.* at 2; *see also Sanborn Mfg. Co. v. Currie*, 500 N.W.2d 161, 164-65 (Minn. App. 1993) (affirming denial of temporary injunction where party showed no likelihood of success on the merits).

Holmquist argues that the "[district] court err[ed] when it determined that [his] rule 60.02 motion was predicated on *Karsjens v. Jesson*," the "[district] court err[ed] where it failed to hold an evidentiary hearing on the merits," and the district court improperly "rule[d] outside its scope of knowledge and expertise."

4

Holmquist's submissions in district court belie his argument that he does not rely on *Karsjens*. Holmquist's rule 60.02 motion and supporting memorandum expressly rely on *Karsjens* for relief. For example, Holmquist argued that "[b]ecause of the ruling in *Karsjens*, this Court lacks subject matter jurisdiction, to commit Holmquist to the MSOP." In fact, Holmquist's memorandum quotes three pages of text from *Karsjens* explaining why portions of the MCTA are allegedly unconstitutional.

Moreover, because rule 60.02 is inapplicable here, there was no need for an evidentiary hearing to determine whether Holmquist is entitled to relief under rule 60.02 or based on his attendant requests under rules 65.01 and 65.02. Lastly, any statements by the district court explaining its reasons for denying Holmquist's requests do not change the outcome of this appeal under *Hand*.

For these reasons, we affirm the district court's denial of Holmquist's requests for relief under rules 60.02, 65.01, and 65.02.[2] *See Hand*, slip op. at 2 ("Because [Hand] is not entitled to the relief sought under rule 60.02, we affirm on other grounds the district court's decision to deny [his] motion.").

**Affirmed.**

---

[2] To the extent that this court's order dated March 1, 2016 is ambiguous regarding whether to grant respondent's motion to strike a copy of a Supreme Court Appeal Panel Report included in the addendum of Holmquist's principal brief, neither the report nor the order affects the outcome of this case because *Hand* precludes relief.